UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gregory Howard, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 09-1633 (EGS) |
| | ) |
| United States Department of Education, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

On August 17, 2009, plaintiff Gregory Howard submitted this pro se complaint against the United States Department of Education seeking money damages in connection with Howard's obligation on student loans that Howard alleges should have been, and in fact were, discharged due to his total permanent disability. Because the action filed in this Court is barred by the jurisprudential doctrine of res judicata, it will be dismissed for lack of subject matter jurisdiction.

A federal court is under an independent obligation to examine its own jurisdiction. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215 (1990). Indeed, a court is not only free but affirmatively obliged to raise the issue of its jurisdiction where it might be in question." *LaShawn A. v. Barry*, 87 F.3d 1389, 1399 (D.C. Cir. 1996). Res judicata is a jurisprudential doctrine designed to promote the finality of judicial determinations, to conserve judicial resources, and to spare adversaries the vexation and expense of redundant litigation. *See Montana v. United States,* 440 U.S. 147, 153 (1979). "A fundamental precept" embodied in the doctrine of res judicata is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties." *Id.* (internal quotation marks and alterations omitted). Res judicata

incorporates the proposition that "a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action." *Apotex Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004). "[T]he doctrine of res judicata applies to dismissal for lack of jurisdiction as well as for other grounds[.]" *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C. Cir. 1983). Under the doctrine of res judicata, "a judgment ordering dismissal will . . . have preclusive effect as to matters actually adjudicated; it will, for example, preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal." *GAF Corp. v. United States,* 818 F.2d 901, 912-13 (D.C. Cir. 1987). Furthermore, "[u]nder res judicata a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 4498 U.S. 90, 94 (1980); *see also Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 376 n.1 (1985) (stating that its purpose is to prevent "litigation of matters that should have been raised in an earlier suit"). In short, the doctrine also embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Communications. Inc. v. FCC,* 407 F.3d 1223, 1229 (D.C. Cir.2005) (emphasis in the original, internal quotation marks and citation omitted).

The nucleus of events giving rise to this lawsuit is the same nucleus of events that gave rise to Howard's lawsuit filed against the Department of Education and two other defendants in the United States District Court for the Southern District of Ohio on February 20, 2008.[1] That case, which was still pending when Howard filed this complaint, was finally resolved in favor of

---

[1] *Compare* Complaint, *Howard v. U.S. Department of Education*, No. 08-cv-159 (ALM-NMK) (S.D. Ohio Feb. 20, 2008) *with* Complaint, *Howard v. U.S. Department of Education*, No. 09-cv-1633 (EGS) (D.D.C. Aug. 27, 2009).

the Department of Education by order of that court entered September 14, 2009. That order determined that the court did not have subject matter jurisdiction over Howard's action for money damages against the Department of Education because Howard had neither affirmatively pled nor otherwise demonstrated that he had exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"), as required. *See Howard v. U.S. Department of Education*, No. 08-cv-159, 2009 WL 2950231, at *1-2 (S.D. Ohio Sept. 14, 2009) (citing and discussing the FTCA's exhaustion requirement, 28 U.S.C. § 2675(a), and dismissing for lack of subject matter jurisdiction). Howard has appealed that decision, and the appeal is currently pending, fully briefed, in the United States Court of Appeals for the Sixth Circuit.[2] Whatever the outcome of that appeal, plaintiff is barred from litigating anew the claims he presented in that case, or any other claim arising from that same nucleus of facts, against this defendant. Accordingly, this action will be dismissed with prejudice as barred by res judicata, and all pending motions — except the motion to appeal in forma pauperis — will be denied as moot.

A separate final order accompanies this memorandum opinion.

Dated: March 22, 2010

/s/
EMMET G. SULLIVAN
United States District Judge

---

[2] The case on appeal has been assigned No. 09-4554.