UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY T. HOWARD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-1633 (EGS) |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION**

Currently pending are three motions for relief from the dismissal order in this case, brought under Federal Rule of Civil Procedure 60(b). This memorandum opinion will discuss the background of this case, the Rule 60(b) standard, and each pending motion in turn. For the reasons set forth below, the motions will be denied.

## I. **Plaintiff Seeks Relief From Dismissal.**

Plaintiff commenced this case alleging that the U.S. Department of Education had negligently determined that Plaintiff was not entitled to discharge of his higher-education loans under 20 U.S.C. § 1087(a) based on his alleged disability. Compl. ¶ 4, ECF No. 1. On March 22, 2010, this Court dismissed the complaint with prejudice, having determined that it was barred by the doctrine of res judicata. Mem. Op., ECF No. 34; Order, ECF No. 35. As the Court explained:

> The nucleus of events giving rise to this lawsuit is the same nucleus of events that gave rise to Howard's lawsuit filed against the Department of Education and two other defendants in the United States District Court for the Southern District of Ohio on February 20, 2008. That case, which was still pending when Howard filed this complaint, was finally resolved in favor of the Department of Education by order of that court entered September 14, 2009. That order determined that the court did not have subject matter jurisdiction over Howard's action for money damages against the Department of Education because Howard had neither affirmatively pled nor otherwise demonstrated that he had exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"), as required. *See Howard v. U.S. Department of Education*, No. 08-cv-159, 2009 WL 2950231, at *1–2 (S.D. Ohio Sept. 14, 2009) (citing and discussing the FTCA's exhaustion requirement, 28 U.S.C. § 2675(a), and dismissing for lack of subject matter jurisdiction).

Mem. Op. 2-3 (internal footnote omitted).

Dissatisfied, Plaintiff moved to vacate the dismissal order under Rule 60(b). *See* Pl.'s Mot. to Vacate, ECF No. 38 [hereinafter Original Mot.]. (The Court will refer to this motion as the "original motion.") "[D]iscern[ing] no merit in the arguments presented and find[ing] no basis for providing relief from judgment," the Court denied the motion. Order, ECF No. 39.

Still dissatisfied, Plaintiff has filed three additional motions, all citing Rule 60(b), which are currently pending. *See* Mot. to Vacate or Set Aside the Court's J. Filed Mar. 22, 2010, ECF No. 44 [hereinafter 1st Mot.]; Pl.'s Mot. to Enforce Claim for Gross Negligent Noncompliance with FCRA, 18 U.S.C. §

1681(a)(1) Against the Dep't of Ed.; Alternative, Request That the Claim for Gross Negligent Noncompliance with FCRA Proceed to Trial, ECF No. 45 [hereinafter 2d Mot.]; Mot. to Set Aside Docket Entry No. 34, *Instanter*, ECF No. 47 [hereinafter 3d Mot.]. (The Court will refer to these motions as the "first motion," "second motion," and "third motion," respectively.)

**II. Rule 60(b) May Allow Relief From a Final Judgment.**

Rule 60(b) allows for relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect"; where "the judgment is void"; or for "any other reason that justifies relief"; as well as other reasons not relevant to the pending motions. Fed. R. Civ. P. 60(b)(1), (4), (6). "[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993).

**III. Plaintiff's First Motion Will Be Denied.**

Plaintiff's first motion makes three arguments that the Court "inadvertently entered its March 22, 2010 order." 1st Mot. 1-2. None of these arguments justify relief from judgment.

First, Plaintiff argues that the dismissal of his case in the Southern District of Ohio was not an adjudication on the merits, and thus this Court should not have applied the doctrine of res judicata in this case. *Id.* The Court's March 22

dismissal was therefore inadvertent, justifying relief under Rule 60(b)(1), says Plaintiff.  *Id.*  This is simply a rehashing of the same argument Plaintiff made in his original motion.  *Compare* Original Mot. ¶¶ 7–8 *with* 1st Mot. 1–2.  The Court already dispensed with this argument when it denied Plaintiff's original motion and will not reconsider it here.

Second, Plaintiff argues he actually did fully exhaust his administrative remedies, a fact that this Court inadvertently failed to consider, thus justifying relief under Rile 60(b)(1).  1st Mot. 2.  Again, this is simply a rehashing of the same argument made in his original motion.  *Compare* Original Mot. ¶¶ 3, 9 *with* 1st Mot. 2.  The Court already dispensed with this argument when it denied Plaintiff's original motion and will not reconsider it here.

Third and finally, Plaintiff argues that the Court inadvertently failed to consider that he set forth a federal cause of action under 5 U.S.C. § 706.  1st Mot. 2.  Section 706 is the statute defining the scope of judicial review of the federal courts.  Plaintiff neither mentioned § 706 in his complaint nor has he explained in his two sentences of argument here how that section provides him a federal cause of action.  The Court, therefore, did not inadvertently fail to consider that which was never raised and that which remains unexplained.  Because the Court has previously dispensed with two of

Plaintiff's arguments and the third is meritless, Plaintiff's first motion will be denied.

**IV. Plaintiff's Second Motion Will Be Denied.**

Plaintiff's second motion alleges that the Court inadvertently failed to consider a claim allegedly made under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, thus justifying relief under Rule 60(b)(1).  2d Mot. 4. Specifically, Plaintiff argues that one sentence of his complaint contained the magic words that should have alerted the Court to his FCRA claim: "the Plaintiff suffered damage to his credit rating causing him intense pain and great suffering and considerable inconvenience which will continue in the future." Compl. ¶ 9; 2d Mot. 2.  This brief allegation of an injury suffered was pled as part of his negligence claim; it is nowhere near a well pled additional claim under the FCRA.  The Court did not inadvertently fail to consider the FCRA claim because there was no FCRA claim to consider.  Plaintiff's second motion will therefore be denied as to relief from dismissal.

Plaintiff alternatively moves for a trial on the alleged FCRA claim.  2d Mot. 2.  This case has been dismissed and relief from the dismissal will be denied.  There is therefore no case for which to have a trial.  Plaintiff's second motion will therefore be denied as to the request for trial.

**V. Plaintiff's Third Motion Will Be Denied.**

Plaintiff's third motion reads like a two-pronged appeal of both the order dismissing this case and the order denying the original Rule 60(b) motion. Plaintiff alleges that the Court committed clear error in dismissing the case and abused its discretion in denying the original motion. 3d Mot. 5. Relief from the dismissal order is therefore appropriate under Rule 60(b), says Plaintiff, presumably because the judgment should be considered void. *Id.*

Notwithstanding Plaintiff's irrelevant references to the Civil Justice Reform Act and the Declaratory Judgment Act, 3d Mot. 2–3, whether this Court's dismissal was clearly erroneous or constituted an abuse of discretion is a question for the Court of Appeals, not this Court. Furthermore, this is simply a rehashing of the same argument made in his original motion. *Compare* Original Mot. ¶¶ 4, 6 *with* 3d Mot. 5. The Court already dispensed with this argument when it denied Plaintiff's original motion, and will not further reconsider it here. Plaintiff's third motion will therefore be denied.

**VI. Plaintiff Is Cautioned Against Further Filing of Meritless Motions.**

Plaintiff has now filed four motions under Rule 60(b). All have been denied, and all were meritless. Plaintiff is

cautioned against filing any further meritless motions in this case. *See* Fed. R. Civ. P. 11(b).

A separate order consistent with this memorandum opinion shall be issued this date.

**Signed:    EMMET G. SULLIVAN**
**United States District Judge**
**December 22, 2010**