UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY T. HOWARD, )<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. )<br>) | Civil Action No. 09-1633 (EGS/DAR) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, having demonstrated a pattern of abusive filing, is currently prohibited from filing any further documents in this case without leave of Court. Mem. Op. and Order at 11-13, ECF No. 71. Plaintiff violated that prohibition by filing a motion without seeking the Court's leave. See Pl.'s Federal Rule 60(b) Civil Procedures Mot. to Vacate Marginal Order Granting Def.'s Mot. for Extension of Time to Respond to ECF No. 77 Mot. and to File an Dispositive Mot. in this Action, ECF No. 85. The Court, by minute order, therefore terminated and struck that motion from the record. Minute Order, Oct. 25, 2011. Plaintiff has noticed an interlocutory appeal of that minute order. See Leave to File/Notice of Appeal, ECF No. 91.

Plaintiff thereafter submitted two motions to the Court, which the Court permitted to be filed. The first is a motion for leave to appeal in forma pauperis (IFP). Mot. for

Leave/Affidavit in Supp. of Pauper Status, ECF No. 92 [hereinafter IFP Mot.]. The second is a motion to stay this case during the pendency of the appeal. Mot. to Stay all Matters Pending Appeal, ECF No. 93 [hereinafter Mot. to Stay]. Both will be denied.

"Whether to permit or deny an application to proceed in forma pauperis is within the sound discretion of the Court." Watson v. Mukasey, No. 08-cv-1058, 2009 WL 1312540, at *1 (D.D.C. May 12, 2009). In exercising that discretion, district courts consider whether "the affiant demonstrates that 'because of his poverty [he cannot] pay or give security for the costs . . . and still be able to provide [himself] and dependents with the necessities of life.'" Id. (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). But Courts may also consider non-financial factors, such as evidence of abusive filing or the low likelihood of success on appeal. See Ruston v. U.S. Secret Serv., 751 F. Supp. 2d 59, 60–61 (D.D.C. 2010); Campbell v. United States, No. 92-cr-0213, 2006 WL 2244594, at *1 (D.D.C. Aug. 4, 2006).

Although Plaintiff claims to be a pauper, IFP Mot. at 1, the Court will exercise its discretion to deny IFP status, upon consideration of the non-economic factors apparent in this case. First, as the Court has previously found, Plaintiff has filed "many repetitious and unnecessary motions" in this case. Mem.

Op. and Order at 11, ECF No. 71.  Second, Plaintiff is not likely to succeed on his appeal, considering that the Court of Appeals likely lacks jurisdiction to consider Plaintiff's appeal of the Court's interlocutory order.  See 28 U.S.C. § 1292.  Therefore, the motion for leave to appeal IFP will be denied.

   Concerning the request for a stay, "[t]o prevail on a motion for a stay pending appeal, a party must show: (1) a likelihood of prevailing on the merits of its appeal; (2) that it will suffer irreparable injury absent the stay; (3) that the non-moving party will not be harmed by the issuance of a stay; and (4) that the public interest will be served by a stay."  Al Maqaleh v. Gates, 620 F.Supp.2d 51, 58 (D.D.C. 2009)(citing United States v. Philip Morris, Inc., 314 F.3d 612, 617 (D.C. Cir. 2003)).  Plaintiff's simple assertions that he is substantially likely to prevail, that he will suffer irreparable injury absent the stay, that Defendants will not be more than minimally harmed if the stay is granted, and that the public interest favors a stay, see Mot. to Stay at 1, do not suffice to show that those assertions are true.  They are but conclusions with no argument.[1]  Therefore, the motion to stay this case will be denied.

---

[1] Plaintiff does cite, with no argument, two cases following his statements that he is substantially likely to prevail on his appeal and that he will be irreparably harmed absent a stay.  Mot. to Stay at 1 (citing In re World Trade Ctr. Disaster Site

Accordingly, it is hereby

**ORDERED** that the Motion for Leave/Affidavit in Support of Pauper Status, ECF No. 92, is **DENIED**; and it is

**FURTHER ORDERED** that the Motion to Stay all Matters Pending Appeal, ECF No. 93, is **DENIED**.

**SO ORDERED.**

**Signed:    EMMET G. SULLIVAN**
**            United States District Judge**
**            December 5, 2011**

---

Litig., 503 F.3d 167, 170-71 (2d Cir. 2007); Hirschfeld v. Bd. of Elections in City of New York, 984 F.2d 35, 39 (2d Cir. 1993)).  Those cases have nothing to do with whether a district court properly exercised its discretion to terminate and strike an improperly filed motion, and thus say nothing about Plaintiff's likelihood to prevail on the merits of his interlocutory appeal.  Those cases also say nothing as to why or how Plaintiff would be harmed if the Court does not stay this case during the pendency of the interlocutory appeal.