UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
GREGORY T. HOWARD,             )
                               )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No. 09-1633 (EGS) (DAR)
                               )
UNITED STATES OF AMERICA,      )
                               )
        Defendant.             )
_____)
```

MEMORANDUM OPINION

This action captioned "Complaint for the Tort of Negligence" [Dkt. # 1] brought *pro se* under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, was referred to Magistrate Judge Deborah Robinson for a Report and Recommendation ("Report" or "R&R"). Judge Robinson considered Plaintiff's Motion for Summary Judgment on the Issue of Liability [Dkt. # 77] and Defendant's Motion to Dismiss or in the Alternative for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment [Dkt. # 88]. In her Report issued on March 8, 2012, Judge Robinson finds that this Court lacks jurisdiction over plaintiff's "claim of negligent interference with his rights under his student loan contract" and, thus, recommends granting defendant's motion to dismiss pursuant to Rule 12(b)(1) and denying as moot both parties' motions for summary judgment. Report [Dkt. # 102] at 4-5.

Defendant filed a timely objection, Def.'s LCvR 72.2 Objection to the R&R Ruling Submitted by the Hon. Deborah Robinson, U.S.M.J. ("Def.'s Obj.") [Dkt. # 103], and plaintiff was granted leave to file his objection and response to defendant's objection, Pl.'s Fed. R. Civ. P. 72(b)(1) through (3) Objection to the R&R Ruling Submitted by the Hon. Deborah Robinson,

U.S.M.J. and Response to Def.'s Obj. to the R&R Ruling Submitted by the Hon. Deborah Robinson, U.S.M.J. ("Pl.'s Obj.") [Dkt. # 106]. After careful consideration of the Report and each party's objections, the Court will sustain defendant's objection, adopt the R&R with modification, and overrule plaintiff's objections. Accordingly, defendant's motion to dismiss will be granted and this case will be dismissed.

## REVIEW STANDARD

This Court's review of the magistrate judge's R&R is governed by Federal Rule of Civil Procedure 72(b). "When a party files written objections to any part of the magistrate judge's recommendation with respect to a dispositive motion, the Court considers de novo those portions of the recommendation to which objections have been made, and 'may accept, reject, or modify the recommended decision[.]' " *Robinson v. Winter*, 457 F. Supp. 2d 32, 33 (D.D.C. 2006) (quoting Fed. R. Civ. P. 72(b)).

## DISCUSSION

The Complaint, as supplemented [Dkt. # 9] and amended [Dkt. # 80], stems from the Department of Education's initial decision on August 28, 2007, to deny plaintiff's request pursuant to 20 U.S.C. § 1087(a) for a discharge of his student loans due to disability.[1] *See* Compl. ¶ 4. The loans were "rightly" discharged on December 31, 2008, "based on Plaintiff's disability beginning September 30, 2005." *Id*. ¶¶ 5-6. Plaintiff claims that defendant "administratively, negligently, and wrongfully" denied his application in August 2007, *id*. ¶ 4, and seeks $12 million in damages for alleged emotional and financial injuries suffered as a result

---

[1] In the Amended Complaint, plaintiff incorporates the initial and supplemental complaints. *See* Am. Compl. [Dkt. # 80] at 1. Hence the Court, consistent with its duty, where appropriate, to read "all of [a *pro se*] plaintiff's filings together," *Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999), considers the original complaint operative.

of the agency's delay in discharging the student loans. *See id*. ¶¶ 8-10, 13, 16. The Magistrate Judge's recommendation is based solely on the FTCA's provision excluding from suit "[a]ny claim arising out of . . . interference with contract rights." Report at 4-5 (citing 28 U.S.C. § 2680(h)).

### Defendant's Objection to the Report

Defendant states that it "does not object to [the] ruling or rationale" but rather asserts an "additional rationale for dismissal" of the case. Def.'s Obj. at 1. Defendant then purports to argue why the "complaint is subject to dismissal for failure to state a claim . . . .," *id*. at 3, but it invokes sovereign immunity, *see id*. at 3-4, which is a jurisdictional basis for dismissal. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *see Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 512 (D.C. Cir. 2009) ("The extent of the waiver of sovereign immunity under the FTCA is coextensive with the district court's subject-matter jurisdiction to hear the case." ) (citation omitted). This misstep notwithstanding, the Court agrees with defendant's "additional rationale" for dismissing the case -- albeit under Rule 12(b)(1).

The FTCA confers in the district court jurisdiction over tort claims against the United States for monetary damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The complaint alleges violations of the federal student loan statute, 20 U.S.C. § 1087, which is administered by the U.S. Department of Education and has no "analogous local law . . . that could support liability of a private party for similar actions . . . ." *Hornbeck Offshore Transp., LLC*, 569 F.3d at 510. Hence, the Court sustains defendant's

objection and hereby MODIFIES Judge Robinson's Report to include as an additional basis for dismissal the complaint's failure to satisfy the jurisdictional requirement set forth at 28 U.S.C. § 1346(b).

<u>Plaintiff's Objections to the Report</u>

Plaintiff asserts that Judge Robinson's recommendation to deny his summary judgment motion is "clearly erroneous and contrary to law" because he has stated a "claim for intentional infliction of emotional distress ["IIED"]." Pl.'s Obj. at 2. Judge Robinson notes the availability of an IIED claim under the FTCA but suggests that dismissal of the claim is warranted under Rule 12(b)(6) for failure to state a claim. *See* Report at 5 n.3. However, as determined above, the Court cannot consider the merits of the IIED claim because the statutory basis does not fit within the limited waiver of sovereign immunity under 28 U.S.C. § 1346(b), and the Court "must dismiss the action" when subject matter jurisdiction is found wanting. Fed. R. Civ. P. 12(h)(3).

Plaintiff also asserts that "a reasonable fact finder could find that the Defendant acted arbitrarily, capriciously and not in accordance with . . . the Administrative Procedure Act ["APA"], 5 U.S.C. § 706, by not *initially* discharging Plaintiff's loans . . . ." *Id.* (emphasis added). The jurisdictional hurdle remains. First, the complaint seeks monetary damages, but the sovereign's immunity is waived under the APA for suits seeking "relief other than money damages." 5 U.S.C. § 702; *see Cohen v U.S.*, 650 F.3d 717, 723 (D.C. Cir. 2011) ("[T]here is no doubt Congress lifted the bar of sovereign immunity in actions not seeking money damages.") (citation omitted). Second, the discharge of plaintiff's student loans renders any claim for relief under the APA moot. *See* 5 U.S.C. § 706 ("The reviewing court shall — compel agency action unlawfully withheld or unreasonably delayed; and hold unlawful and set aside agency action . . . found to be — arbitrary, capricious, . . . or otherwise not in accordance with law.").

CONCLUSION

For the foregoing reasons, plaintiff's objections are OVERRULED, defendant's objection is SUSTAINED, and the Magistrate Judge's Report and Recommendation is ADOPTED as modified.  Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED and each party's motion for summary judgment is DENIED as moot.  A separate final order accompanies this Memorandum Opinion

DATE:  June 6, 2013                SIGNED:     EMMET G. SULLIVAN
                                   UNITED STATES DISTRICT JUDGE